UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **EYEVAC, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **STYLANCE INC.,** <br><br> Defendant. | Case No. 1:23-cv-1542 <br><br> **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, EyeVac, LLC, files this Original Complaint for Patent Infringement against Defendant, Stylance Inc., and alleges as follows:

### I. Parties

1. Plaintiff EyeVac, LLC ("EyeVac" or "Plaintiff") is a Texas limited liability company having a principal place of business at 7500 Rialto Blvd. Bldg. 1, Ste. 122, Austin, Texas 78735.

2. On information and belief, Defendant Stylance Inc. ("Stylance") is a Chinese company, having a principal office at 301 No. 11 ChangXing Road, HanTang village, RenHe town, Baiyun distr., Guangzhou, China.

### II. Jurisdiction and Venue

3. This action arises under the patent laws of the United States, Title 35, United States Code § 1, *et seq*. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long-Arm Statute, due at least to its

**Original Complaint for Patent Infringement** 1

business in this forum, including at least a portion of the infringements alleged herein. Furthermore, Defendant is subject to this Court's specific and general personal jurisdiction because Defendant is a foreign corporation.

5.    On information and belief, within this State and this District, Defendant has made, used and/or sold EyeVac's patented inventions thereby committing and continuing to commit acts of patent infringement alleged herein.  Further, on information and belief, Defendant has derived revenues from its infringing acts occurring within Texas and the Western District of Texas. Moreover, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Texas and the Western District of Texas.  Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sale of products and/or services within Texas and the Western District of Texas.  Defendant has committed such purposeful acts and/or transactions in Texas and the Western District of Texas such that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.

6.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b). On information and belief, Defendant Stylance is incorporated in China and can be sued in this District.  On information and belief, from and within this District, Defendant has committed acts of infringement at issue in this case.

7.    For these reasons, personal jurisdiction exists and venue is proper in this Court.

### III. Factual Background

8.    EyeVac owns all right, title and interest in United States Letters Patent No. 7,356,872 (the "'872 Patent") entitled "Automated Electronic Vacuum System and Method,"

**Original Complaint for Patent Infringement**                                                                                                           2

which was duly and legally issued by the United States Patent & Trademark Office (PTO) on April 15, 2008 after full and fair examination.  A copy of the '872 Patent is attached as <u>Exhibit A</u>.

9. Defendant Stylance is infringing and/or inducing others to infringe by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, products or processes that practice one or more inventions claimed in the EyeVac '872 Patent.

10. Defendant has profited through infringement of the EyeVac '872 Patent.  As a result of Defendant's unlawful infringement of the EyeVac '872 Patent, EyeVac has suffered and will continue to suffer damage.  EyeVac is entitled to recover from Defendant the damages suffered by EyeVac as a result of Defendant's unlawful acts.

11. EyeVac has previously notified Defendant Stylance (on information and belief the manufacturer of the infringing products) on multiple occasions of infringement by Stylance's products of both EyeVac's '872 Patent and corresponding Chinese Patent.

12. Defendant has failed to respond to the repeated notices.

13. On information and belief, Defendant has known of the EyeVac '872 Patent. EyeVac hereby notifies Defendant of the EyeVac '872 Patent and demands that Defendant halt infringing activities.

14. On information and belief, Defendant continues and will continue its unlawful infringing activity, and EyeVac continues and will continue to suffer irreparable harm, for which there is no adequate remedy at law, from such unlawful activity unless Defendant is enjoined by this Court.

### IV.  <u>Infringement of U.S. Patent No. 7,356,872 (the "'872 Patent")</u>

15. EyeVac hereby incorporates and realleges paragraphs 1 through 14 above as though fully set forth herein.

16. Claims 1, 2, 3, and 4 of the '872 Patent include systems for vacuuming a refuse on a surface, the systems contact and fit on the surface when in use for vacuuming. The systems include a housing with an inlet and an outlet, the inlet contacts the surface, a vacuum motor connected to the inlet and outlet, a light source connected to the housing, a light sensor connected to the housing to sense the light source, and a controller that controls the vacuum motor in response to the light source interrupted to the light sensor.

17. On information and belief, Defendant makes, uses, sells, offers to sell, and/or imports in or into the United States a stationary vacuum product, identified at least by Defendant Stylance as ELECTRICAL/Vacuum Hair Dustbin/Ref.:VA001A-BK, that sits on a surface, such as a floor. The product includes a housing with an inlet and outlet, the inlet contacts the surface, a vacuum motor is connected to the inlet and outlet, a light source is connected to the housing, a light sensor is also connected to the housing to sense the light, and a controller controls the vacuum motor in response to interruption of the light source to the light sensor. Defendant Stylance's infringing product is shown and described in Exhibit B attached and incorporated herein.

18. Claims 8, 9 and 10 of the '872 Patent include methods of automated operation of a vacuum device. The methods include providing a light sensor to a vacuum device, providing a light source to the vacuum device, the light source visible to the light sensor if not interrupted, positioning the vacuum device on a surface to be vacuumed, sensing an external event to the vacuum device adjacent the surface, and controlling power to the vacuum device for operating the vacuum device based on sensing.

19. On information and belief, Defendant makes, uses, sells, offers to sell, and/or imports in or into the United States a method of automated operation of a vacuum device, identified at least by Defendant Stylance as ELECTRICAL/Vacuum Hair Dustbin/Ref.:VA001A-BK, that

includes providing a light sensor to the vacuum product, providing a light source to the vacuum product, which light source is visible to the light sensor if not interrupted, positioning the vacuum product on a surface, sensing an external event to the vacuum device adjacent the surface, and controlling power to the vacuum based on sensing of the light source by the light sensor.  The infringing method of Defendant Stylance's product is shown and described in <u>Exhibit C</u> attached and incorporated herein.

20. Defendant, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority, systems and methods under inventions claimed in the '872 Patent, has directly or indirectly infringed (by contributory infringement and/or inducement of infringement), and is continuing to infringe, directly or indirectly, at least claims 1, 2, 3, 4, 8, 9 and 10 of the '872 Patent in this district and/or otherwise within the United States.

21. Defendant has had knowledge of the '872 Patent, and has not ceased its infringing activities.

22. Defendant's infringements of the '872 Patent have been and continue to be willful and deliberate.

23. As a direct and proximate consequence of the acts and practices of Defendant in infringing, directly and/or indirectly, one or more claims of the '872 Patent, EyeVac has been, is being and, unless such acts and practices are enjoined by this Court, will continue to be injured in its business and property rights.

24. As a direct and proximate consequence of the acts and practices of Defendant in infringing, directly and/or indirectly, one or more claims of the '872 Patent, EyeVac has suffered, is suffering, and will continue to suffer injury and damages for which EyeVac is entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

25. By reason of the infringing acts and practices of Defendant, Defendant has also caused, is causing and, unless such acts and practices are enjoined by this Court, will continue to cause immediate and irreparable harm to EyeVac for which there is no adequate remedy at law, and for which EyeVac is entitled to injunctive relief under 35 U.S.C. § 283.

## V. Prayer for Relief

Plaintiff, EyeVac, LLC, prays for the following relief against Defendant, Stylance, Inc.:

a. A judgment that Defendant has infringed, directly and indirectly, the '872 Patent;

b. A judgment and order preliminarily and permanently enjoining Defendant, its employees and agents, and any other person(s) in active concert or participation with them from infringing, directly or indirectly, the '872 Patent;

c. A judgment and order requiring Defendant to pay EyeVac damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

d. An award of all costs of this action, including attorneys' fees and interest; and

e. Such other and further relief as the Court deems just and equitable.

## VI. Demand for Jury Trial

EyeVac hereby demands that all issues be determined by a jury.

DATED: December 20, 2023                    Respectfully submitted,

                                              */s/ H. Dale Langley, Jr*
                                              H. Dale Langley, Jr.
                                              Texas Bar No. 11918100
                                              The Langley Law Firm, P.C.
                                              1803 West Avenue
                                              Austin, Texas 78701
                                              Phone Number:  512-477-3830
                                              Facsimile:  866-735-9129
                                              Email:  dlangley@iptechlaw.com

                                              **ATTORNEYS FOR PLAINTIFF**
                                              **EYEVAC, LLC**